## Worley, et al. v. Curd.

(Decided March 25, 1913.)

### Appeal from Mercer Circuit Court.

1. Instructions—Not Authorized by Evidence—Error.—Where plaintiff, claims that the grantees in a certain deed executed by her agreed to execute a note for $218 in addition to the consideration therein specified, and her proof tends only to show that the grantees agreed to execute such a note payable without interest at the death of plaintiff's mother, who owned the dower interest in the land, an instruction authorizing a recovery of $218 in money is erroneous because not authorized by the evidence.

2. Judgment—Contrary to Evidence—Error.—Where plaintiff claims that the grantees in a certain deed executed by her agreed to execute a note for $218 in addition to the consideration therein specified, and her proof tends only to show that the grantees agreed to execute such a note payable without interest at the death of plaintiff's mother, who owned the dower interest in the land, a judgment of $218 with interest from date is erroneous because contrary to the evidence.

3. Specific Performance.—Where plaintiff claims that the grantees in a certain deed executed by her agreed to execute a note for $218 in addition to the consideration. therein specified, and her proof tends only to show that the grantees agreed to execute such a note payable without interest at the death of plaintiff's mother, who owned the dower interest in the land, plaintiff is not entitled to a money judgment, but if she has a cause of action, is entitled to have the grantees specifically perform their contract to execute a note for $218, payable at her mother's death, and such an action should be brought in equity.

E. H. GAITHER for appellants.

C. E. RANKIN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing

On December 26, 1911, plaintiffs, Pearl Curd and her husband, with others, deeded to Angeline Worley, Samuel E. Worley and Green Worley their interest in a certain tract of land in Mercer County, Kentucky. The consideration recited in the deed was $1,000 paid by the grantees to Joseph Worley, $551.08 paid to Pearl Curd, and $551.08 paid to Dora Belle Ison. The consideration represented by the deed was paid to Pearl Curd.

In the month of April, 1912, Pearl Curd brought this action against Samuel E. Worley, Angeline Worley and Green Worley, claiming that the true consideration for the land which she sold was $769.08, of which $250 was to be paid in cash, the balance to be represented by two notes, one for $301.08, and the other for $218. She charged that the cash payment was made and a note for $301.08 was executed, but that the defendants, though they had agreed to execute and deliver to her a note for $218, had failed and refused to do so. She therefore asked judgment for the sum of $218 and interest. The defendants denied the allegations of the petition, and also pleaded that the real consideration for the conveyance of the land in question was the sum of $551.08, as

set out in the deed. The trial resulted in a verdict and judgment in favor of plaintiff for $218, with interest thereon from the date of the judgment until paid. Defendants appeal.

It appears from the evidence that prior to the year 1908 Lee Worley, the husband of defendant, Angeline Worley, died intestate owning a farm valued at $4,000. This farm descended to his children, six in number, subject to the dower rights of his widow, Angeline Worley. Upon petition of some of the parties, the land was sold for the purpose of reinvestment. The proceeds of the sale, amounting to $4,000, were invested in a tract of land known as the Solomon Wilder farm, the title to which was taken in the same way as the original tract which was sold. The purchase price of the second tract was $7,393. Of this sum $4,000 was paid and notes executed for the deferred payments. The widow, Angeline Worley, and three of her children, Samuel E., Green, and Charles, desiring to make arrangements to pay the notes for the deferred payments, began negotiations looking to the purchase of the interests of the other children, who were Joseph, Pearl Curd and Dora Belle Ison. Joseph had put other money into the land, and $1,000 was paid for his interest. Dora Belle Ison's interest was purchased for $551.08.

According to the evidence for plaintiff, Joe Worley came to plaintiff's husband, J. Warren Curd, to find out what he and plaintiff would take for their interest in the land. Mr. Curd talked it over with his wife, and they agreed to take $444, with interest from the date the farm was sold, and a note for his wife's part of the dower amounting to two hundred and some odd dollars, payable without interest at the widow's death. Joe told the grantees at the dinner table what Mr. Curd had said. Sam, who took the lead in attending to the business affairs of the family, said that he did not want to give the note, but that if he had to, he would give it rather than let the trade fall through. Joe Worley afterwards told Mr. Curd that he believed the grantees would give the note if Curd would sign the deed. Joe told Curd and his wife to be in town on a certain day and fix up the trade. Just before going to Mr. Stephenson's office, Curd asked Sam if he understood the proposition that Curd had made to Joe. Sam said he did. Curd then said, "There will be two notes." Sam said, "Yes." After

this conversation they went to Mr. Stephenson's office. Mr. Stephenson was writing up the deed, and Sam told Stephenson there were to be two notes. Stephenson said that they could settle that business between themselves. While the deed was read over, Curd's understanding was that they were to have the $200 note in addition to the consideration stated in the deed.

For the defendants, Sam Worley testified that he was present when the deed was made. He never at that time or at any previous time promised Curd that he would execute to him a note for $200 in addition to the consideration stated in the deed. His understanding of the contract was as represented in the deed. Never authorized anyone to make any contract for a greater sum than the consideration stated in the deed. When they went into Mr. Stephenson's office he did say, "Curd wants a note for $200 for my mother's interest, and wants us boys to sign the note." Mr. Stephenson never paid any attention to the remark. He had no authority to speak for his mother or Green. Shortly after the transaction was closed he saw Curd, and Curd asked him about the $200 note. Witness said that he was not going to fix any note. Curd then said, "I will sue you." Mrs. Angeline Worley testified that she had not authorized Joe or anyone to offer Curd anything in addition to the amount stated in the deed. Did not know that Joe had been over to see about it. She accepted the deed on the basis of $551, and paid for the land on that basis. Green Worley testified that he was one of the purchasers of the land. He agreed to pay $551 for Pearl Curd's interest. Never agreed to give any more and never agreed to sign a note for $200, or any other sum. Never authorized Sam to make any such contract. He was not present when the deed was made. On cross-examination, he stated that Sam generally attended to the business. Mr. Stephenson, who drew the deed, testified that the consideration expressed in the deed was the consideration as explained to him, and as he understood it at the time.

An examination of the foregoing evidence will show that plaintiff's proof tends only to establish the fact that in addition to the consideration recited in the deed, the defendants agreed to execute to plaintiff a note for plaintiff's interest in her mother's dower, payable without interest on her mother's death. The petition is predicated on the idea that the note was to bear inter-

est, and judgment was asked for the amount of the note and interest. The court told the jury in substance that if they believed from the evidence that the consideration agreed on was for $218 more than the sum recited in the deed, they should find for the plaintiff in the sum of $218. Unless they so believed, they should find for the defendants. The jury found for the plaintiff, and judgment was entered in favor of plaintiff for the sum of $218, with six per cent interest thereon until paid. Here, then we have a judgment for $218 and interest, when the plaintiff's proof only tends to show that the defendants agreed to execute a note for that amount payable without interest at the widow's death. Not only is the instruction erroneous because not authorized by the evidence, but the judgment also because directly contrary to the evidence. Indeed, plaintiff failed to show any right to recover a money judgment. If she has a cause of action at all, it is only for specific performance to require the defendants to execute the note for $218, payable on the conditions disclosed by the evidence. The action, therefore, should have been brought in equity. On its return, the case will be transferred to equity, and plaintiff will be given leave to amend her petition if she so desires.

Judgment reversed and cause remanded for proceedings consistent with this opinion.